UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BAPTIST MEDICAL CENTER, *et al.*,<br><br>  Plaintiffs,<br><br>     v.<br><br>KATHLEEN SEBELIUS, Secretary of the United States Department of Health and Human Services,<br><br>  Defendant. | Civil Action No. 11-1273 (CKK) |

MEMORANDUM OPINION
(April 17, 2012)

Sixteen hospitals and medical centers participating in the Medicare and Medicaid programs (collectively "Plaintiffs") filed suit against Kathleen Sebelius in her official capacity as Secretary of the United States Department of Health and Human Services ("HHS"). Compl., ECF No. [1], ¶ 1. Plaintiffs allege HHS miscalculated the payments owed to the Plaintiffs pursuant to the Disproportionate Share Hospital ("DSH") Statute, 42 U.S.C. § 1395ww(d)(5)(F). Presently before the Court is Defendant's [13] Motion to Dismiss and Remand. The parties agree that in light of intervening precedent from the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit"), the case should be dismissed and remanded to HHS for further proceedings. The only remaining issue is what instructions, if any, the Court should provide to HHS to guide its reconsideration. In light of the D.C. Circuit's decision, there is nothing left to be said on the matter by this Court at this time. Therefore, Defendant's Motion

to Dismiss and Remand is GRANTED.[1]

## I. BACKGROUND

Although the statutory framework governing this case is complex to say the least, the fundamental dispute between the parties is relatively simple: whether patient days attributable to participants in the Medicare + Choice program should be included in the "Medicaid fraction" portion of calculations for reimbursement pursuant to the DSH Statute. Compl. ¶ 1. Plaintiffs allege the decision by HHS to exclude patient days for Medicare + Choice participants from the Medicaid fraction violated the Administrative Procedures Act, 5 U.S.C. §§ 553, 706, the Medicare Act, 42 U.S.C. § 1395hh(a)(2), (b), (c), and the Freedom of Information Act, 5 U.S.C. § 552(a). The Plaintiffs seek a declaratory judgment and remand for recalculation of reimbursements for certain fiscal years (varying by plaintiff) from 1999-2003. Compl. ¶¶ 6-22.

The D.C. Circuit resolved the underlying dispute on September 13, 2011. *Ne. Hosp. Corp. v. Sebelius*, 657 F.3d 1 (D.C. Cir. 2011). The court concluded

> [I]t is apparent that the Secretary's decision to apply her present interpretation of the DSH statute to fiscal years 1999–2002 violates the rule against retroactive rulemaking. The Secretary's interpretation, as set forth in the 2004 rulemaking and resulting amendment to § 412.106, contradicts her former practice of excluding M+C days from the Medicare fraction. Moreover, the amendment attaches new legal consequences to hospitals' treatment of low-income patients during the relevant time period. Hospitals that serve a disproportionately large number of such patients receive a statutorily mandated "additional payment" from the Secretary, 42 U.S.C. § 1395ww(d)(5)(F)(i), and whether a particular hospital qualifies for this payment, and the size of the payment the hospital receives, depends on the hospital's DSH fractions. Any rule that alters the method for calculating those fractions, therefore, changes the legal consequences of treating low-income patients. . . . [T]he Secretary's present interpretation . . . may not be retroactively applied to fiscal years 1999–2002.

---

[1] *See* Def.'s Mot. to Dismiss and Remand, ECF No. [13]; Pls.' Opp'n, ECF No. [14; Def.'s Reply, ECF No. [16].

*Id.* at 16-17.  In light of this determination, the parties agree this matter should be remanded to HHS for recalculation of the reimbursement amounts owed to Plaintiffs. Def.'s Mot. at 2 n.1; Pls.' Opp'n at 1.

### III.  DISCUSSION

Plaintiffs oppose Defendant's motion on two grounds: (1) that Defendant has yet to acknowledge its obligation to pay interest pursuant to the Medicare statute; and (2) Defendant will not agree to Plaintiffs' articulation of the "standards governing these cases on remand." Pls.' Opp'n at 1.[2]  Neither of Plaintiffs' contentions are persuasive.

Plaintiffs initially seek a concession that Defendants are obligated to pay interest on any additional reimbursements owed upon remand pursuant to 42 U.S.C. § 1395oo(f)(2).  For its part, Defendant does not dispute that the statute requires the payment of interest, and concedes "interest is appropriate to the extent that additional amounts are determined to be owing to Plaintiffs after recalculation."  Def.'s Reply at 2.  The Court agrees with Defendant that there is no actual controversy between the parties on this point.  The requirements of § 1395oo(f)(2) are clear and uncontested.  Whether recalculation upon remand reveals additional amounts due to the Plaintiffs to which § 1395oo(f)(2) applies is another question, not properly before this Court.

Plaintiffs also asks this Court to articulate the specific legal standards that governs recalculation upon remand.  Although the Court empathizes with Plaintiffs' desire for clear directions upon remand, "[u]nder settled principles of administrative law, when a court

---

[2] Plaintiffs included a Notice of Related Case in their Opposition, indicating this matter is related to a case currently pending before Judge Emmet G. Sullivan, *Algent Health-Immanuel Medical Center v. Sebelius*, No. 11-139 (D.D.C. Filed Jan. 21, 2011). Pls.' Opp'n at 3.  Neither party requested consolidation, therefore the Court takes no action in response to the Notice.

reviewing agency action determines that an agency made an error of law, the court's inquiry is at an end: the case must be remanded to the agency for further action consistent with the corrected legal standards." *PPG Indus., Inc.. v. United States*, 52 F.3d 363, 365 (D.C. Cir. 1995). "Only in extraordinary circumstances do [courts] issue detailed remedial orders." *N.C. Fisheries Ass'n, Inc. v. Gutierrez*, 550 F.3d 16, 20 (D.C. Cir. 2008). In other words, only in "extraordinary circumstances" do courts reviewing agency decisions provide the type of specific direction Plaintiffs request. In fact, Plaintiffs seek even more extraordinary relief in this case: Plaintiffs would like a second court, *not* the court that reviewed the agency action, to articulate the "governing standards" before the agency has an opportunity to reconsider the issues upon remand. "[T]he function of the reviewing court ends when an error of law is laid bare. At that point the matter once more goes to the [Agency] for reconsideration." *Fed. Power Comm'n v. Idaho Power Co.*, 344 U.S. 17, 20 (1952). This Court's function ended when the D.C. Circuit invalidated the rule in question. At this point, the Court must remand the issue to HHS. If the Plaintiffs take issue with the legal standard applied by HHS upon remand, relief lies with review of that final agency action, not with this Court at this time.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's [13] Motion to Dismiss and Remand is GRANTED. This matter is remanded to HHS for further proceedings consistent with *Northeast Hospital Corp. v. Sebelius*, 657 F.3d 1 (D.C. Cir. 2011). An appropriate Order accompanies this Memorandum Opinion.

                                                      */s/*
                                                     **COLLEEN KOLLAR-KOTELLY**
                                                     United States District Judge